# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GEORGES MARCIANO,

        Plaintiff,

        v.

DOUGLAS SHULMAN, Commissioner
of the Internal Revenue Service,

        Defendant.

Civil Action 09-01499 (HHK)

## MEMORANDUM OPINION

Plaintiff Georges Marciano brings this action against Douglas Shulman, in his official capacity as Commissioner of the Internal Revenue Service ("IRS"), seeking declaratory and injunctive relief and a writ of mandamus. Marciano alleges that the IRS has violated his rights by declining to investigate or audit his tax returns, and seeks to compel the IRS to provide him with an explanation and documentation of its understanding of his tax liability for certain years. Before the Court is the Commissioner's motion to dismiss [#21], which asserts that this Court lacks jurisdiction over certain of Marciano's claims and that the rest of his allegations fail to state a claim upon which relief may be granted. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion must be granted.

## I. BACKGROUND

Marciano is the co-founder of the apparel company Guess?, Inc. and an investor in various companies and real estate ventures. Marciano alleges that in 2005 and 2006 he discovered numerous instances of fraud and embezzlement by his former employees that resulted

in a loss of nearly $200,000,000 from accounts held by him or in which he had an interest. Am.

Compl. ¶¶ 9–13. Believing these fraudulent transactions to have significant consequences for his

tax liability, Marciano attempted to obtain copies of his recent tax returns from the IRS. The

IRS, however, was initially unable to provide Marciano with tax returns for the years 2000, 2001,

2002, 2003, 2004 and 2006. Am. Compl. ¶ 17.

Despite indications that Marciano's taxes had not been properly filed as of at least the

year 2000, Marciano received two refund checks from the IRS dated April 25, 2006, in the

amounts of $233,706.27 and $647,290.90, ostensibly for taxes paid in the year 2000. Am.

Compl. ¶ 21. He subsequently received more refund checks for the years between 2000 and

2006. Marciano returned all of these checks to the IRS, requesting an explanation for their

issuance. The IRS initially replied only that Marciano's account for the year 2000 had been

adjusted because he had "requested a tentative carryback or restricted interest claim," and

eventually sent Marciano a letter in June 2009 informing him that "no tax issues exist." Am.

Compl. ¶¶ 21–24.

While these events were unfolding, Marciano filed two lawsuits in the Superior Court of

Los Angeles, California against his former accountants, bookkeepers and other employees:

*Marciano v. Fahs, et al.* (BC 375824) (Cal. Super. Ct. 2009) and *Marciano v. Iskowitz, et al.* (BC

384493) (Cal. Super. Ct. 2009). The former employees asserted counterclaims against Marciano

for libel and intentional infliction of emotional distress. In July 2009, the Superior Court entered

judgments against Marciano in both lawsuits. Def.'s Opp'n to TRO & Prelim. Inj. Exs. F, G. In

October 2009, Marciano's judgment creditors commenced an involuntary chapter 11 bankruptcy

action against him in the U.S. Bankruptcy Court for the Central District of California, No. 09-39630 (Bankr. C.D. Cal. filed Oct. 27, 2009).

Marciano filed the present case on August 10, 2009, initially seeking a stay of the execution of the state court judgments against him, the attachment of the bank accounts he believes to have been fraudulently opened in his name, the placement of a tax lien on his property, an injunction of any further state court proceedings against him, a declaration that the IRS had violated his rights (including his due process rights under the Constitution), and both a writ of mandamus and an injunction requiring the IRS to furnish him with certain documents and to commence a thorough investigation or audit of his tax liability. On August 21, 2009, Marciano moved for a temporary restraining order and preliminary injunction providing these various forms of relief. Following a hearing, the Court denied that motion. The IRS subsequently moved to dismiss this action for failure to state a claim upon which relief may be granted and lack of subject-matter jurisdiction.[1]

## II. LEGAL STANDARDS

### A.  Lack of Subject-Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint, or a claim therein, for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited

---

[1]      The IRS also asserts that the Court has no subject-matter jurisdiction to grant the relief Marciano initially sought regarding the state court actions. Because those claims have now been abandoned, *see* Pl.'s Opp'n at 2, the Court does not address this contention.

jurisdiction . . . .").  In response to such a motion, the plaintiff must establish that the court has subject-matter jurisdiction over the claims in the complaint.  *See Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008).  If the plaintiff is unable to do so, the Court must dismiss the action.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).  When resolving a motion made under Rule 12(b)(1), a court may consider material beyond the allegations in the plaintiff's complaint.  *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005).

## B.      Failure to State a Claim Upon Which Relief May Be Granted

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a complaint, or a portion thereof, that fails to plead "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Thus, although a complaint need not contain detailed factual allegations, it must recite facts sufficient to at least "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555.  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557) (alterations in original).  At bottom, a complaint must contain sufficient factual matter that, accepted as true, would allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

## III.  ANALYSIS

Marciano identifies a host of statutes and one constitutional provision as creating both jurisdiction over his claims and a right to relief.  The Court will address each in turn.  Where the Court finds the provision in question to create a cause of action, the Court will address whether Marciano has stated one thereunder.

### A.  28 U.S.C. § 1331

28 U.S.C. § 1331 confers on federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  As the Commissioner points out, however, § 1331 does not create any causes of action.  *See Montana-Dakota Util. Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246, 249 (1951) ("The Judicial Code, in vesting jurisdiction in the District Courts, does not create causes of action, but only confers jurisdiction to adjudicate those arising from other sources which satisfy its limiting provisions.").  As a result, "a plaintiff must proffer a proper basis for both a federal court's exercise of jurisdiction and an independent cause of action under which to proceed."  *Citizens for Responsibility & Ethics in Wash. v. Cheney*, 593 F. Supp. 2d 194, 212 (D.D.C. 2009).  Accordingly, the Court turns to the other provisions cited by Marciano to determine whether any of them, in combination with § 1331, creates "a separate, legally cognizable cause of action."  *See id.*[2]

---

[2]      In his opposition to the IRS's motion to dismiss, Marciano further identifies §§ 1340 and 1346 of Title 28 as supporting the Court's jurisdiction in this case (although Marciano cites § 1346 of Title 26, which has been repealed, the Court understands him to refer to the equivalent section in Title 28).  Like § 1331, these provisions create federal question jurisdiction and not a cause of action.  Similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201, creates only a remedy, and "is not an independent source of federal jurisdiction." *C & E Servs., Inc. v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002).

**B.      26 U.S.C. § 6103 and the Freedom of Information Act**

26 U.S.C. § 6103 provides in relevant part that "[t]he [tax] return of a person shall, upon written request, be open to inspection by or disclosure to . . . that individual."  26 U.S.C. § 6103(e)(1)(A)(I).  This Court has explained that, by itself, "Section 6103 . . . cannot provide an independent basis for subject matter jurisdiction" because it "operates as part of the larger [Freedom of Information Act] framework" and does not supersede that statute's jurisdictional requirements.  *Maxwell v. O'Neill*, 2002 WL 31367754, at *3–4 (D.D.C. Sept. 12, 2002), *aff'd Maxwell v. Snow*, 409 F.3d 354 (D.C. Cir. 2005).  Accordingly, Marciano's claims cannot proceed solely on this basis.

In an effort to wring more out of § 6103, however, Marciano now argues that this Court should construe his claim under § 6103 as "an effective . . . request" under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Pl.'s Opp'n at 7.  FOIA creates subject-matter jurisdiction over claims based on the improper withholding of agency records.  *Bureau of Nat'l Affairs, Inc. v. U.S. Dep't of Justice*, 742 F.2d 1484, 1488 (D.C. Cir. 1984) (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)).  Before plaintiffs can seek judicial relief under FOIA, however, they must first exhaust their administrative remedies.  *Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1476–77 (D.C. Cir. 1986).  It is undisputed that Marciano has failed to exhaust his administrative remedies in this case.

Marciano argues, however, that he is not required to exhaust his administrative remedies because the IRS did not deny his request, but rather replied that the request itself was deficient.  Pl.'s Opp'n at 8.  It is true that exhaustion of remedies is not required in such situations.  *See*

---

*Maxwell*, 2002 WL 31367754, at *6. Here, though, that is not the case. As Marciano's own complaint explains, the IRS responded to Marciano's request for copies of his returns by "indicat[ing] that copies of Plaintiff's tax returns for the years [2000–2004 and 2005] were unavailable and would not be provided." Am. Compl. ¶ 17. Such a reply reads very much like a denial, and not at all like the response in *Maxwell*, where the IRS specifically "informed plaintiffs that their requests did not comply with regulatory requirements and advised them how to cure the error." *Maxwell*, 2002 WL 31367754, at *6. Likewise, the IRS's responses to Marciano's subsequent "requests and documents evidencing reasons why the financial circumstances of [his] personal and business returns and accounts were in disarray," Pl.'s Opp'n at 9, cannot be considered responses to a properly formulated FOIA request.[3] Thus, the Court finds that Marciano's FOIA request, if properly made, was effectively denied, and that he was thus required to exhaust his administrative remedies, which he failed to do. Accordingly, the Court has no jurisdiction to hear a FOIA claim regarding the returns that Marciano has not yet received.[4] If Marciano wishes to pursue a FOIA claim in federal court regarding these returns, he must first exhaust his administrative remedies.

---

[3]     FOIA does not obligate an agency to "perform legal research, create individualized records, or answer legal questions." *Maxwell*, 2002 WL 31367754, at *4 (citing *Tax Analysts v. IRS*, 1998 WL 419755, at *2 (D.D.C. May 1, 1998)).

[4]     The Court notes that the parties agree that some of Marciano's returns have been provided to him since this action began. They disagree, however, on whether he has received all of the returns to which he is entitled, and whether the documents provided were in the proper form.

**C.      26 U.S.C. § 6321**

26 U.S.C. § 6321 provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount [owed] . . . shall be a lien in favor of the United States upon all property and rights to property . . . belonging to such person."  26 U.S.C. § 6321.  There are no indications whatsoever that this language is intended to create a private right of action, nor of what such a right would entail.[5]  Further, this section is plainly inapplicable here; the IRS has not demanded that Marciano pay any amount that he has failed to pay, and the entire premise of Marciano's suit seems to be that he would pay enthusiastically if asked, rather than "neglect or refuse" to do so.  Thus, this provision does not create a right of action that supports Marciano's claims.

**D.      26 U.S.C. § 7422**

26 U.S.C. § 7422 provides in relevant part that "[n]o suit or proceeding shall be maintained in any court for the recovery of any [wrongfully or erroneously collected] internal revenue tax . . . or . . . penalty . . . until a claim for refund or credit has been duly filed" with the IRS.  26 U.S.C. § 7422(a).  As its language makes plain, this provision *bars* suits against the IRS absent specific conditions.  Further, as the IRS observes, Marciano does not seek the recovery of any tax paid; indeed, he has asserted throughout this action that he believes he has significant tax liabilities.  Finally, even if Marciano's suit were construed as a suit for a refund within the

---

[5]      Where a statute does not expressly create a right of action, the Courts employ the test from *Cort v. Ash*, 422 U.S. 66 (1975), to determine whether an implied right of action exists. *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 n.9 (1990).  The *Cort* factors are congressional intent, the language and focus of the statute, its legislative history, and its purpose. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979).  Here, none of these factors suggests that a private right of action is present.

meaning of § 7422, there is no indication that he has satisfied the condition precedent of filing

for a refund with the IRS.[6]  Accordingly, Marciano's suit finds no support in this provision.

## E.        The Administrative Procedure Act

The judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C.

§§ 701–706, create "a limited cause of action for parties adversely affected by agency action,"

*Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006), provided that the agency action is "made

reviewable by statute [or is a] final agency action for which there is no other adequate remedy in

a court," 5 U.S.C. § 704, and is not "committed to agency discretion by law."  *Id.* § 701(a)(2).

Marciano alleges that this Court has the power to review the IRS actions about which he

complains because those actions were "illegal, arbitrary and capricious . . . in that the IRS issued

a letter to Plaintiff, without elaboration, stating that he had no tax issues, and . . . failed in its

statutory duty to provide records of tax returns and reasons for refunds as requested by Plaintiff."

Am. Compl. ¶ 39.  The IRS responds that the actions complained of are committed to agency

discretion by law, and that Marciano has identified no agency actions that are "final" and thus

reviewable under the APA.   Because Marciano fails to respond to these arguments, the Court

treats them as conceded.  *See Lewis v. District of Columbia*, 2011 WL 321711, at *1 (D.C. Cir.

---

6        Despite Marciano's original assertion that he was attempting to ensure that the
United States would receive "millions of dollars" in taxes from him, Am. Compl. ¶ 29, he now
appears to assert that he may be entitled to a refund.  *See* Pl.'s Opp'n at 4.  He also argues that
the IRS's assertion that he has "no tax issues" is belied by the fact that the IRS issued, and then
accepted the return of, refunds for the years in question.  To Marciano, this suggests that either
the refunds were wrongly issued, meaning that "tax issues" must exist, or correctly issued and
erroneously returned by Marciano himself, in which case he is entitled to them.  Pl.'s Opp'n at 5.
There is no contradiction here: as the IRS explains, the refund checks that Marciano sent back
were not simply cancelled, but rather credited to his account to be returned at a later date or used
to offset any future tax liability.  Def.'s Reply at 6 n.2.

Feb. 2, 2011).  Accordingly, the Court concludes that Marciano has failed to state a claim under the APA.

**F.     The Due Process Clause of the Fifth Amendment**

The Fifth Amendment of the U.S. Constitution provides that "No person shall be . . . deprived of life, liberty, or property, without due process of law."  U.S. CONST. amend. V. Marciano asserts that the IRS ran afoul of this principle by "refusing to provide appropriate citizen protections to the efficient collection of taxes, and [failing] to prevent unwarranted refunds,"  Am. Compl. ¶ 42, and by failing to follow its own procedures with regard to his tax situation.  Pl.'s Opp'n at 15.  Here, Marciano seems confused about the nature of the guarantee created by the Due Process Clause: the Clause does not exist to provide process as an end unto itself; it exists to provide adequate process where government threatens a judicially cognizable interest in life, liberty, or property.  *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).  Marciano has not even attempted to identify a liberty or property interest upon which the IRS has intruded such that the Clause's protections are triggered.[7]  He has thus failed to state a claim for a violation of Due Process.

**G.     The Mandamus and Venue Act**

The Mandamus and Venue Act grants the "district courts . . . original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Mandamus is

---

[7]     Obviously, the extraction by the government of money or property via taxation implicates a constitutionally protected property interest, *McKesson Corp. v. Dep't of Bus. Reg.*, 496 U.S. 18, 36 (1990), but, as noted above, Marciano has asserted repeatedly that he owes the government money, rather than the reverse.  The Court is aware of no precedent establishing a protected property interest in the ability to *pay* taxes.

available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002). Accordingly, there is no jurisdiction to issue a writ of mandamus where a different statutory scheme provides the plaintiff with a remedy. *In re Cooper*, 1993 WL 71714, at *1 (D.C. Cir. 1993) (per curiam) ("Mandamus [is] inappropriate where petitioner has an adequate statutory remedy." (citing *In re GTE Serv. Corp.*, 762 F.2d 1024, 1027 (D.C. Cir. 1985))). Mandamus relief "is not granted as of right," and should issue "only where the case is clear and the reasons compelling." *U.S. ex rel. Jump v. Ickes*, 117 F.2d 769, 773 (D.C. Cir. 1940).

The Commissioner asserts that mandamus is improper here because Marciano has failed to identify any clear, non-discretionary duties that the IRS has failed to perform.[8] Specifically, the Commissioner argues that whether to audit Marciano or further investigate his tax situation is a decision wholly within the IRS's discretion. Marciano rejoins that the IRS owes him two clear duties: first, a duty to turn over the returns he has requested; and second, a "minimal duty to provide taxpayer assistance."[9]

---

[8]     As noted, *supra* note 5, the IRS also argues that, since this action began, it has complied with its duty to turn over copies of Marciano's returns. The Court, however, understands Marciano to contest the adequacy of that disclosure and thus will not assume that his claim for copies of his returns is moot.

[9]     Marciano also claims that "the burden of proof is on the Commissioner" to show that the Court has no jurisdiction to issue a writ of mandamus. Pl.'s Opp'n at 21. This is incorrect. The party seeking to invoke the jurisdiction of a federal court bears the burden of establishing that the court has jurisdiction. *Rempfer v. Sharfstein*, 583 F.3d 860, 868–69 (D.C. Cir. 2009) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

As to the first duty, Marciano contends that § 6103 obligates the IRS to disclose his returns. But mandamus is available only where no other adequate remedy exists. And, as discussed above, § 6103 "operates as part of the larger FOIA framework," *Maxwell*, 2002 WL 31367754, at *3, which itself constitutes an adequate remedy where plaintiffs seek the release of government records. *Strunk v. U.S. Dep't of State*, 693 F. Supp. 2d 112, 113 n.1 (D.D.C. 2010) (citing *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002); *Pickering-George v. Registration Unit*, 553 F. Supp. 2d 3, 4 (D.D.C. 2008)). Accordingly, § 6103 cannot create a duty enforceable by mandamus here.[10]

As to the second duty, Marciano fails to provide any support for his assertion that the IRS has a non-discretionary duty to aid him in understanding his own finances. He first argues that the IRS has a "minimal duty to provide taxpayer assistance." Pl.'s Opp'n at 10–11. For this proposition, he cites only a case in which Sixth Circuit *affirmed* the denial of a writ of mandamus very much like that sought by Marciano here, finding that the IRS's statutory duties had been discharged. *See Short v. Murphy*, 512 F.2d 374, 377 (6th Cir. 1975). Marciano asserts that the IRS's failure to assist him is "inconceivable," Pl.'s Opp'n at 11, but indignation is no substitute for legal authority, and Marciano fails to identify any authority that could create the sort of unambiguous obligation to which a writ of mandamus is properly directed.

Marciano next argues that even if the IRS had no *initial* duty to investigate, once it did so, it was obligated to act in a fashion that was not "misleading or . . . confusi[ng]." Pl.'s Opp'n at 14. In support of this argument, Marciano points to *Chute v. United States*, 610 F.2d 7 (1st Cir.

_____

[10]     Portions of Marciano's opposition suggest that he is abandoning his mandamus claim with regard to the returns in favor of his newly discovered FOIA claim. *See* Pl.'s Opp'n at 9. Because, however, that is unclear, the Court addresses both.

1979), in which the First Circuit considered a tort claim against the Coast Guard for negligently placing a buoy that failed to adequately warn of the presence of a submerged wreck. There, the "Plaintiffs argue[d] . . . that while [the applicable statute] allows the government some measure of discretion in deciding whether or not, and how, to [place a buoy], its discretion is subject to a judicially enforceable obligation to exercise it 'responsibly.'" *Id.* at 12. By analogy, Marciano argues that even if the IRS has discretion to investigate or audit a taxpayer, once it looked into his situation, its duty to act responsibly "kicked in."

This argument is without merit. To the extent that the *Chute* court did recognize a duty to act "responsibly," it was a duty of care grounded in common law tort principles that prohibited any actor from inducing reliance and then acting recklessly. *See id.* at 13. Even assuming that the IRS's conduct toward Marciano would run afoul of such a duty, the Court cannot issue a writ of mandamus on that basis. A writ of mandamus will only issue to enforce a duty that is ministerial, clearly defined and undisputable. *13th Regional Corp. v. U.S. Dep't of Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980). The nebulous common law obligation recognized by the *Chute* court does not approach the high level of clarity and specificity required for the writ to lie. *See United States ex rel. Chi. Great W. R.R. Co. v. Interstate Commerce Comm'n*, 294 U.S. 50, 63 (1935) ("'Where the matter is not beyond peradventure clear, we have invariably refused the writ [of mandamus] . . . .'"). Accordingly, *Chute* does not help Marciano establish that the IRS owed him a duty enforceable by mandamus.[11]

---

[11] Indeed, recognizing a duty on the part of the government, enforceable by mandamus, that is as open-ended as the one Marciano proposes here would effectively allow plaintiffs to perform an end-run around the long-standing judicial review structure created by the APA. *See, e.g.*, *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004) (noting that the APA "carries forward" the traditional limits on the use of mandamus).

### IV.  CONCLUSION

In sum: neither 28 U.S.C. § 1331, 26 U.S.C. § 6321, nor 26 U.S.C. § 7422 creates a cause of action; 26 U.S.C. § 6103 does not provide a basis for subject-matter jurisdiction; and Marciano has not exhausted his remedies as required to file a FOIA action in federal court, has conceded that his APA claim is not cognizable, has identified no property interest that could give rise to a procedural due process claim here, and has established no clear duty that is enforceable by mandamus.  Accordingly, the Commissioner's motion to dismiss [#21] must be granted.  An appropriate order accompanies this memorandum opinion.


Henry H. Kennedy, Jr.
United States District Judge